# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**VINCENT RUSSOMANNO,**

        **Plaintiff,**

v.                                        Case No: 6:24-cv-01641-PGB-LHP

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**
_____/

## ORDER

This cause comes before the Court on Plaintiff Vincent Russomanno ("**Plaintiff**") appeal of the Commissioner of Social Security's (the "**Commissioner**") final decision denying Plaintiff's application for disability insurance benefits. (Doc. 1; *see* Doc. 12 (the "**initial Brief**")). The Commissioner responded in opposition (Doc. 15), and Plaintiff replied thereto (Doc. 16). Ultimately, Magistrate Judge Leslie Hoffman Price issued a Report recommending the Commissioner's decision be affirmed. (Doc. 17 (the "**Report and Recommendation**")). Plaintiff objected (Doc. 20 (the "**Objection**")), the Commissioner responded thereto (Doc. 21), and the matter is now ripe for review.

Upon consideration, Plaintiff's Objection is due to be overruled, and the Report and Recommendation is due to be adopted and confirmed.

## I. BACKGROUND

The procedural and factual background as set forth in the Report and Recommendation are hereby adopted and made a part of this Order. (*See* Doc. 17, pp. 1–5).

## II. STANDARD OF REVIEW

When a party properly objects to a magistrate judge's findings, the district court must "make a *de novo* determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues independent of the magistrate judge's report, as *de novo* review is essential to the constitutionality of § 636. *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

## III. DISCUSSION

Simply put, Plaintiff's Objection boils down to a restatement of the positions he set forth in his initial Brief—positions the Magistrate Judge has already considered and rejected. (*See* Docs. 12, 17, 20). In other words, Plaintiff essentially "asks the Court to 'travers[e] ground already plowed by the Magistrate [Judge].'" *Winford v. Walton*, No. 16-CV-810-J-39PDB, 2018 WL 3650025, at *2 (M.D. Fla. May 15, 2018) (quotation omitted). However, "[i]t is improper for an objecting party to . . . submit papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers

2

submitted to the [m]agistrate [j]udge." *See, e.g.*, *Hall v. Sargeant*, No. 18-CV-80748, 2018 WL 6019221, at *1 (S.D. Fla. Nov. 16, 2018) (quoting *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012)).

Upon filing an objection to a report and recommendation, "parties are not to be afforded a [mere] 'second bite at the apple.'" *See, e.g.*, *Marlite*, 2012 WL 3614212, at *2. Such "[o]bjections that . . . simply rehash or reiterate the original briefs to the magistrate judge are not entitled to *de novo* review." *Fibertex Corp. v. New Concepts Distribs. Int'l, LLC*, No. 20-20720-Civ-Scola, 2021 WL 302645, at *2 (S.D. Fla. Jan. 29, 2021). "These kinds of objections are instead reviewed for clear error." *Id.* (citing *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006)).[1]

In the Objection, Plaintiff argues that the Report and Recommendation "incorrectly fills in the gaps for the [Administrative Law Judge ("**ALJ**")]," and thus, "errs in finding that the ALJ properly evaluated the evidence and sufficiently addressed [Plaintiff's] moderate limitation in concentration, persistence, and pace (CPP)." (Doc. 20, pp. 2–8). In support, Plaintiff merely reasserts arguments made in the initial Brief that the Magistrate Judge has already thoroughly considered, and thus, Plaintiff hardly presents proper objections for this Court to conduct a *de novo* review. *See, e.g.*, *Valido v. Kijakazi*, No. 21-CV-20939, 2022 WL 4462069, at *3, *5 (S.D. Fla. Sept. 26, 2022) ("A party's objections are improper if they expand

---

[1] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

3

upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate judge's conclusions.").

Nevertheless, irrespective of which standard of review the Court employs, clear error or *de novo*, the outcome would remain unchanged. Applying either clear error or *de novo* review here, the Court reaches the same findings and conclusions as the Magistrate Judge in her Report. Ultimately, the Court agrees with the Magistrate Judge that Plaintiff is essentially requesting the Court reweigh the evidence presented before the ALJ or substitute the Court's judgment for that of the ALJ—which the Court cannot do as the Commissioner's decision is supported by substantial evidence. *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) ("We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner]." (alteration in original) (quotations omitted)).

Accordingly, following an independent review of the record, the Court agrees with the Magistrate Judge's well-reasoned analysis and ultimate findings of fact and conclusions of law. Not to mention, Plaintiff's Objection merely reasserts the same basic arguments that the Magistrate Judge has addressed in detail, offering no adequate basis to reject the Report and Recommendation. (*See* Docs. 12, 17, 20); *see also Bostick v. State Farm Mut. Auto. Ins. Co.*, No. 16-CV-1400-T-33AAS, 2019 WL 13245284, at *1 (M.D. Fla. Dec. 12, 2019). Consequently, the Court finds that the Report and Recommendation should be adopted and confirmed in all respects.

**IV.   CONCLUSION**

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** that:

1. Plaintiff's Objection (Doc. 20) is **OVERRULED**;

2. The Report and Recommendation (Doc. 17) is **ADOPTED** and **CONFIRMED** and made a part of this Order;

3. The Commissioner's final decision is **AFFIRMED**;

4. The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant Commissioner of Social Security and against Plaintiff Vincent Russomanno; and

5. Thereafter, the Clerk of Court is **DIRECTED** to terminate any pending motions and close the file.

**DONE AND ORDERED** in Orlando, Florida on August 18, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties